**UNITED STATES DISTRICT COURT**                                           JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 12-10617-JFW (JCx)**                    Date:  December 26, 2012

Title:      Crone Hawxhurst, LLP. -*v*- El Paseo Jewelry Exchange, Inc., et al.

**PRESENT:**
          **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

          **Shannon Reilly**                    **None Present**
          **Courtroom Deputy**                  **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                        None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER REMANDING ACTION TO LOS ANGELES
                                        SUPERIOR COURT**

     On November 8, 2012, Plaintiff Crone Hawxhurst LLP ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendants El Paseo Jewelry Exchange, Inc.; El Paseo Jewelry, Inc.; Rajendra Mehta; Atul Mehta, and Ivan Kalensky (collectively, "Defendants").  On December 11, 2012, Atul Mehta ("Mehta") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Mehta bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  In this case, Mehta failed to allege the citizenship of Plaintiff or any of the Defendants.

     Therefore, Mehta has failed to satisfy the burden of establishing that jurisdiction pursuant to

28 U.S.C. § 1332(a)(2) exists.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

   IT IS SO ORDERED.

Initials of Deputy Clerk __sr__